UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$192,765.09 IN BANK FUNDS,<br><br>        Defendant. | No. CV 16-08732-PSG-SK<br><br>[proposed] CONSENT JUDGMENT OF FORFEITURE |
| DAVID A. GILL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROCARE MOBILE RESPONSE, LLC,<br><br>        Claimant. | |

    This action was filed on November 22, 2016. Notice was given and published in accordance with law and claimant David A. Gill, Chapter 7 Trustee ("Trustee") for the estate of Procare Mobile Response, LLC ("Claimant")[1] filed a timely claim to contest the

---

[1] On January 13, 2015 (the "Petition Date"), Procare Mobile Response, LLC (the "Debtor") filed a voluntary petition for relief

forfeiture of the defendant bank funds on January 11, 2017.  There
are no other statements of interest or answers,[2] and the time for
filing such statements of interest and answers has expired.
Plaintiff United States of America (the "government") and Claimant
have reached an agreement that is dispositive of the claim to the
defendant bank funds in this action.  The parties have requested that
the Court enter this Consent Judgment of Forfeiture.

    WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

    A.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355 and over the parties hereto.

    B.    The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984.

    C.    Notice of this action has been given in accordance with law.  For purpose of this action, all potential claimants to the defendant bank funds other than Claimant are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

    D.    The United States of America shall have Judgment as to $69,380.40 of the defendant bank funds, together with all interest earned by the government on that portion of the defendant bank funds since the date of seizure, and no other person or entity shall have

---

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The petition was filed with the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), and assigned case number 2:15-bk-10469-WB (the "Bankruptcy Case").  On or about April 21, 2015, the Bankruptcy Case was converted to one under chapter 7 of the Bankruptcy Code.  David A. Gill is the chapter 7 trustee.

    [2] On January 5, 2017, Zinovy Ganopolsky filed a claim, but withdrew that claim on March 28, 2017.

any right, title or interest therein.

E. The remaining $123,384.69 of the defendant bank funds, together with any interest earned on that amount since the date of seizure, shall be paid to Claimant by the United States Marshals Service ("USMS") no later than 60 days from the date of entry of this Judgment, through its counsel, John N. Tedford, IV, Danning, Gill, Diamond & Kollitz, LLP, 1900 Avenue of the Stars, 11th Floor, Los Angeles, California 90067. Claimant shall deposit the sum of $54,004.29 (the "Segregated Funds") in a segregated account (the "Segregated Account"), to be disbursed in accordance with paragraphs F and G below. The balance shall be free and clear funds of the estate.

F. The Segregated Funds shall be earmarked for payment as follows: (i) Within ten business days after receipt of the Segregated Funds, the Trustee shall pay, from the Segregated Funds, all of the undisputed Priority Wage Claims in the Bankruptcy Case;[3] (ii) The Trustee shall reserve $12,475.00 for Charles Bowen's claim until (a) the Trustee and the claimant agree on the amount of the claim entitled to allowance and priority under § 507(a)(4) of the Bankruptcy Code (if any), or (b) the Bankruptcy Court enters an order determining the amount of the claim entitled to allowance and

---

[3] In the Bankruptcy Case, the deadline for creditors (except governmental units) to file proofs of claims was September 8, 2015 (the "Claims Bar Date"). Prior to the Claims Bar Date, 20 of the Debtor's former employees filed proofs of claims asserting claims for unpaid wages, salaries, commissions, vacation pay, severance pay and sick leave pay entitled to priority under § 507(a)(4) of the Bankruptcy Code (collectively the "Priority Wage Claims"). The aggregate amount of the Priority Wage Claims is $54,004.29. A schedule identifying the Priority Wage Claims is attached as Exhibit A.

3

priority under § 507(a)(4) of the Bankruptcy Code.  The Trustee shall then pay, from the Segregated Funds, the agreed-upon or Court-determined amount entitled to priority; and (iii) The Trustee shall comply with applicable non-bankruptcy law with respect to the reporting, withholding and payment of federal and state income taxes, social security taxes, unemployment taxes, Medicare taxes and any other like taxes required to be withheld from an employee's paycheck.  Such amounts shall be withheld and paid from the funds that would otherwise be paid to each respective holder of a Priority Wage Claim.

    G.  If the amount paid by the Trustee for any claim listed in paragraph F is less than the amount reserved to pay that claimant's Priority Wage Claim as scheduled in Exhibit A, the difference shall be disbursed from the Segregated Funds within 30 days from the date of payment or the date on which it is determined by agreement or by the Bankruptcy Court that no payment is due, as follows: (i) one-half to the United States of America; and (ii) one-half to Claimant, as free and clear funds of the estate.  Any funds paid to the United States of America pursuant to Paragraph G shall be made payable to the USMS and sent to counsel for the government.  Those funds shall be deemed forfeited pursuant to the Consent Judgment of Forfeiture and no other person or entity shall have any right, title or interest therein.

    H.  Claimant has released the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and Health and Human Services, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of

4

| | |
|---|---|
| 1 | Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Nothing |
| 2 | in this stipulation or the proposed consent judgment is intended as, |
| 3 | nor should anything in this stipulation or the proposed consent |
| 4 | judgment be interpreted as an admission by Claimant of any fact |
| 5 | alleged by Plaintiff in its complaint filed in this action, or any |
| 6 | liability or wrongdoing. Further, nothing in this Stipulation or the |
| 7 | proposed consent judgment is intended to be, or shall be interpreted |
| 8 | as, a waiver or release of Medicare claims submitted by Procare |
| 9 | Mobile Response, LLC, and the Trustee, and appeals relating to the |
| 10 | rejection of such claims.. |

I.  The Court finds that there was reasonable cause for the institution of these proceedings.  This Consent Judgment of Forfeiture shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: 7/10/17

**PHILIP S. GUTIERREZ**
THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

DATED: July 6, 2017               Respectfully submitted,

                                  SANDRA R. BROWN
                                  Acting United States Attorney
                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                       /s/
                                  STEVEN R. WELK
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture Section
                                  JENNIFER Resnick
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA


DATED: July 6, 2017               DANNING, GILL, DIAMOND & KOLLITZ, LLP

                                       /s/
                                  JOHN N. TEDFORD, IV

                                  Attorneys for Claimant
                                  DAVID A. GILL, CHAPTER 7 TRUSTEE FOR
                                  THE ESTATE OF PROCARE MOBILE RESPONSE,
                                  LLC